**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

IN RE: APPLICATION OF VICTOR DRAKE                25-MC-225 (RA) (VF)
HANNA FOR AN ORDER TO TAKE
DISCOVERY FOR USE IN FOREIGN                      **REPORT &**
PROCEEDINGS UNDER 28 U.S.C. § 1782.              **RECOMMENDATION**


---------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE RONNIE ABRAMS, United States District Judge.**

On May 19, 2025, Victor Drake Hanna ("Hanna") filed an *ex parte* application seeking

an order pursuant to 28 U.S.C. § 1782, authorizing the issuance of a subpoena to Dechert LLP

("Dechert") for use in a contemplated foreign civil proceeding in England. ECF No. 1. On

October 27, 2025, this Court issued a Report and Recommendation ("R&R") recommending that

Hanna's application be denied without prejudice to renewal because Hanna failed to satisfy the

statutory factors. ECF No. 4. On February 14, 2026, Hanna filed an amended *ex parte*

application. ECF No. 5. For the reasons that follow, I respectfully recommend that the amended

application be **DENIED**.

**BACKGROUND**

The Court assumes Hanna's familiarity with the background of this case, as stated in the

Court's prior R&R. See ECF No. 4 at 1-4.[1] On October 27, 2025, this Court issued an R&R

recommending that Hanna's application be denied without prejudice to renewal because Hanna

had failed to show that the sought-after discovery is for use in a contemplated proceeding, as

required to satisfy the second statutory factor for Section 1782 applications. Id. at 12. On

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to
the electronically generated pagination in those documents.

February 14, 2026, Hanna filed an amended application for the same discovery pursuant to

Section 1782 and a proposed subpoena. See ECF Nos. 5, 5-1. In the amended application Hanna

references "the accompanying . . . Declaration of Paul A. Rigali." ECF No. 5 at 1. Hanna did not

file any such declaration with his amended application. On April 6, 2026, the Court issued an

order directing Hanna to file the declaration if he had intended to submit it with his amended

application. ECF No. 6. To date, Hanna has not responded to the Court's order or otherwise filed

a declaration.

**DISCUSSION**

Under 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order
> him to give his testimony or statement or to produce a document or other thing for
> use in a proceeding in a foreign or international tribunal . . . . The order may be
> made . . . upon the application of any interested person and may direct that the
> testimony or statement be given, or the document or other thing be produced,
> before a person appointed by the court.

28 U.S.C. § 1782(a).

A district court has jurisdiction to grant an application under Section 1782 if the

following statutory requirements are met: "(1) the person from whom discovery is sought resides

or is found in the district of the district court to which the application is made; (2) the discovery

is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign

or international tribunal or any interested person." Kiobel by Samkalden v. Cravath, Swaine &

Moore, LLP, 895 F.3d 238, 243 (2d Cir. 2018) (cleaned up) (citation omitted); see also Fed.

Republic of Nigeria v. VR Advisory Servs., Ltd., 27 F.4th 136, 148 (2d Cir. 2022).

As explained in the prior R&R, Hanna has shown that Dechert is found in this District

(ECF No. 4 at 7-8) and that Hanna would be an interested person for purposes of Section 1782

(id. at 8), thereby satisfying two of the three statutory requirements under Section 1782.

Nonetheless, in his amended petition Hanna still fails to establish that the requested discovery is "for use" in a foreign proceeding.

In assessing this factor, courts consider "whether 'there is actually a foreign proceeding' or an anticipated foreign proceeding, and, if so, 'whether [that] foreign proceeding is adjudicative in nature.'" In re Novalpina Cap. Partners I GP S.À.R.L., No. 23-MC-25 (PGG), 2025 WL 1160854, at *13 (S.D.N.Y. Apr. 21, 2025) (quoting Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 27 (2d Cir. 1998)) (alteration in original). While "[p]recedent does not demand that the foreign proceeding be 'pending' or 'imminent'" to satisfy the "for use" requirement, In re Hornbeam Corp., 722 F. App'x 7, 9 (2d Cir. 2018) (quoting Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 123-24 (2d Cir. 2015)), a Section 1782 applicant "must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." IJK Palm LLC v. Anholt Servs. USA, Inc., 33 F.4th 669, 677 (2d Cir. 2022) (internal quotation marks and citation omitted).

Hanna correctly states that a foreign proceeding need only be "within reasonable contemplation" for an applicant to receive Section 1782 judicial assistance. ECF No. 5 at 14 (internal quotation marks and citations omitted). Nonetheless,"[w]here materials are sought for use in a future proceeding, the applicant must come forward with 'an objective showing that the planned proceedings [are] within reasonable contemplation.'" Ex parte Abdalla, No. 20-MC-727 (PKC), 2021 WL 168469, at *3 (S.D.N.Y. Jan. 19, 2021) (quoting Certain Funds, 798 F.3d at 124) (alterations in original). "An applicant should 'provide the legal theory supporting such a proceeding,' 'lay out either the content of his claims' or 'a sufficiently concrete basis for' liability, and 'provide sufficiently reliable indications of the likelihood that proceedings will be

3

instituted within a reasonable time.'" Id. (quoting Mangouras v. Squire Patton Boggs, 980 F.3d 88, 101 (2d Cir. 2020)).

As explained in the prior R&R, Hanna's application does not demonstrate that his planned English proceeding is within reasonable contemplation. See ECF No. 4 at 9-12. Hanna has provided no indication that he has retained English counsel to represent him in his planned litigation; his U.S. counsel has not submitted a sworn declaration regarding Hanna's plans to commence an English proceeding; Hanna has not indicated that he has sent a demand letter to Dechert or any other entity in connection with the English proceeding; and Hanna does not describe the legal theory or claims that he would assert in the English proceeding.

His amended application cures none of these deficiencies, previously discussed in the R&R. As an initial matter, Hanna's legal arguments for why the requested discovery is for use in a proceeding before a foreign tribunal in the amended application are identical to the arguments in his original application. Compare ECF No. 1 at 16-18 with ECF No. 5 at 8-9. The only changes from the original application appear in the "Introduction" and "Factual Background" sections. See ECF No. 5 at 8, 10-11. Those changes are that Hanna adds that he "was made truly aware of the extent of the misconduct by Dechert" "only after . . . the successful claim by ENRC against Dechert and [ ] Gerrard in December 2022." ECF No. 5 at 8. He also adds that the contemplated foreign proceeding will be "in tort and under data protection legislation." Id. The final addition to the amended application is a statement that "[a]lthough [ ] Hanna had complained to ENRC about the wrongs committed by Dechert and [ ] Gerrard against him personally, it was only when the [May 2022] decision was issued that [ ] Hanna was made aware that he could seek personal redress against them." Id. at 10-11. These additions do not address any of the issues noted in the prior R&R to demonstrate that Hanna's planned English

proceeding is within reasonable contemplation, and are thus insufficient to demonstrate that the requested discovery is "for use" in an anticipated proceeding before a foreign tribunal. See Kiobel, 895 F.3d at 243.

Beyond referring to the anticipated proceeding as "imminent" (ECF No. 5 at 8), Hanna does not provide any other information or statement about when he intends to commence the lawsuit. Hanna still has not indicated that he has retained English counsel to represent him in his planned litigation. And Hanna's U.S. counsel does not provide any sworn declaration regarding plans to commence an English proceeding. Nor does Hanna indicate that he has sent a demand letter to either Dechert or Neil Gerrard, a former partner at the firm. As in the original application, Hanna generally contends that "Dechert caused grievous injuries to [him] by damaging his reputation, [and] interfering with his employment and contractual relationships," as well as that Dechert and Gerrard intentionally leaked "defamatory information." Compare ECF No. 1 at 12-13 with ECF No. 5 at 11-12. And Hanna now adds that his anticipated foreign proceedings will be "in tort and under data protection legislation." ECF No. 5 at 8. But these vague descriptions of claims are insufficient to establish that Hanna's contemplated proceeding is more than just a twinkle in counsel's eye, as Hanna still has not identified the specific claims he intends to bring in England, and nor does he offer a specific legal theory under which he intends to bring those claims. See Mangouras, 980 F.3d at 101 (concluding that applicant did not meet "for use" requirement for anticipated foreign proceeding because although applicant identified the proposed forum and intended defendants, he "did not provide the legal theory supporting such a proceeding, nor did he clearly lay out either the content of his claims"); cf. In re Mutabagani, No. 22-MC-299 (VB), 2023 WL 2811621, at *3 (S.D.N.Y. Apr. 6, 2023) (finding that planned foreign proceeding was within reasonable contemplation where applicant's attorney

"describe[d] the legal theory on which [the applicant] plan[ned] to rely, and explain[ed] how [the applicant] inten[ded] to use the requested discovery in the anticipated proceeding"); In re SPS I Fundo de Investimento de Acoes - Investimento no Exterior, No. 22-MC-118 (LAK), 2022 WL 17553067, at *4 (S.D.N.Y. Dec. 9, 2022) (finding that applicant satisfied the "for use" requirement in part because he submitted sworn statement from Brazilian lawyer "attesting to [the applicant]'s intent to initiate the contemplated proceeding and outlining its legal theories therein"); In re Zouzar Bouka; Vision Indian Ocean S.A., 637 F. Supp. 3d 74, 85-86 (S.D.N.Y. 2022) (finding that anticipated foreign proceeding was reasonably contemplated where applicant "engaged local counsel[,]" instructed counsel "to prepare pleadings[,]" "identified the conduct that gives rise to the contemplated claims," "articulated the legal basis for his claims," and "detailed the[ ] theory for French courts' jurisdiction over the[ ] claims").

At bottom, for the reasons already explained in the R&R, Hanna has not shown that the sought-after discovery is for use in a contemplated proceeding, as required to satisfy the second statutory factor under Section 1782. Given this deficiency with the statutory factors, the Court need not reach the discretionary Intel factors. I therefore recommend that Hanna's amended application be denied.

6

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Section 1782

application be denied.

DATED:      New York, New York
            April 14, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## **PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Ronnie Abrams. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**