UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: APPLICATION OF VICTOR DRAKE HANNA FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782. | 25-MC-225 (RA)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

Petitioner Victor Drake Hanna applies under 28 U.S.C. § 1782 for a subpoena to Dechert LLP ("Dechert"), seeking documents for use in a civil proceeding he says he will bring in England against Dechert and Neil Gerrard, a partner at Dechert. Dkt. No. 55 ("Am. Application" and "Pet.'s Br."). In a Report & Recommendation issued on April 14, 2026 (the "Report"), Magistrate Judge Figueredo recommends denying Hanna's application because he has not shown the discovery is "for use" in a foreign proceeding. Dkt. No. 7 (Report) at 6. Hanna did not object to the Report. The Court reviews the Report for clear error and, finding none, adopts it in its entirety. The Petition is thus denied.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of

[1] Petitioner filed an initial application on May 19, 2025. Dkt. No. 1 ("Initial Application"). In an initial report and recommendation dated October 27, 2025 ("Initial Report"), Judge Figueredo recommended that the Initial Application be denied because Petitioner did "not identify specific claims he intends to bring in England," nor did he "offer a specific legal theory or theories under which he intends to bring those claims." Dkt. No. 4 at 11. Rather than object to the Initial Report, Petitioner filed the Amended Application on February 14, 2026.

the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if[,] as here[,] . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

28 U.S.C. § 1782(a) authorizes federal district courts to order discovery in aid of foreign proceedings. The party seeking discovery must establish three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.,* 27 F.4th 136, 148 (2d Cir. 2022) (citations omitted).[2]

As noted in the Report, Hanna satisfied only two of § 1782's statutory requirements by demonstrating that Dechert is found in the district and that Hanna qualifies as an interested person, but did not demonstrate that the requested discovery is "for use" in a foreign proceeding. Report at 2. Judge Figueredo concluded that Hanna had yet to commence a foreign proceeding against Dechert, as Hanna acknowledged, Pet.'s Br. at 5, and that he had not made the required "objective showing that the planned proceedings are within reasonable contemplation." *Id.* at 3 (citing *Ex Parte Abdalla*, 2021 WL 168469, at *3 (S.D.N.Y. Jan. 19, 2021).

As no objections to the Report were timely filed, the Court has reviewed Judge Figueredo's Report for clear error. After careful review of the Report and the record, the Court finds no error and adopts the thorough well-reasoned Report in its entirety.

---

[2] If—and only if—the statutory requirements are met, a court is free to grant discovery in its discretion in accordance with the factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004), 264-65.

For the reasons stated above, the Petition is denied. The Court further certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status should be denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 5 and close this case.

SO ORDERED.

Dated: July 28, 2026
New York, New York

Ronnie Abrams
United States District Judge